UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
KYNA PHIILIP

                                        Plaintiffs,

            -against-
                                                        **COMPLAINT   AND   JURY
                                                        DEMAND**


THE CITY OF NEW YORK;  SGT. JOHN PRAGER;
POLICE OFFICERS JOHN DOE-POLICE OFFICERS
#1 through #10  NOT YET IDENTIFIED
                                                        ELECTRONIC FILING CASE

                                        Defendants.

-------------------------------------------------------- X

            Plaintiff, KYNA PHILLIP ("Plaintiff") complaining of the defendants by her

attorneys, Law Office of Edward J. Muccini P.C. alleges as follows:

## PREAMBLE

            1.      This is a civil rights action in which the plaintiff seeks relief for the

violation of her rights secured by 42 USC Section 1983, 1988, the Fourth Amendments to

the United States Constitution.

            2.      The claims arise from May 4, 2016 incident in which NYPD police officers

acting under color of state law, intentionally and willfully and unlawfully entered

Plaintiff's home and intentionally, willfully subjected plaintiff to inter alia, false arrest and

false imprisonment and illegal search and seizure and intentionally and willfully damaged

plaintiff's home, stole her personal property and damaged personal property.

3.      The Plaintiff seeks monetary damages (special, compensatory, and punitive, economic loss) against defendants, as well as an award of costs and attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.      Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code and the Fourth and Fourteenth Amendments to the United States Constitution.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is placed in the Eastern District of New York because it is the District where the Plaintiff resides and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7.      That at all times hereinafter mentioned Plaintiff KYNA PHILLIP was an adult resident of the County of Queens, City and State of New York.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York. At all relevant times hereto, Defendant City acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the

2

appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD and for ensuring that the NYPD personnel obey the laws of the U.S. and the State of New York.

9.    Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10.    Defendant SGT. JOHN PRAGER was, at all times here relevant, a police officer of the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, SGT. PRAGER was plaintiff's arresting officer and was under the command of the NYPD. Defendant PRAGER is sued in his individual capacity.

11.    All other individual defendants ("OFFICERS DOE") including John Doe #1 through # 10, whose names are currently unknown to plaintiff, are employees of the NYPD and are sued in their individual capacities.

12.    At all relevant times hereinafter mentioned, OFFICERS DOE were acting within the scope of their employment and in the furtherance of their duties with defendant City of New York

13.    At all times here mentioned defendants were acting color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

3

14.     At all times mentioned in this complaint, the individual defendants acted Jointly and in concert with one another.  Each Defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

15.     That on or about August 4, 2016 a Notice of Claim was duly served on the City and State of New York by certified mail and on September 27, 2016, the City of New York acknowledged receipt of the Notice of Claim and that at least thirty days have elapsed since the service of the Notice of Claim and an adjustment or payment thereof has been neglected or refused.

## FACTS

16.     On or about May 4, 2016, Plaintiff resided at 156-109th Avenue, Jamaica, County of Queens, City and State of New York living with her two minor children.

17.     On or about May 4, 2016, Plaintiff was employed as a police officer with the NYPD.

18.     On or about May 4, 2016 at approximately 156-109th Avenue, Jamaica, County of Queens, City and State of New York, at approximately 6 A.M., police unlawfully and violently without warning entered Plaintiff's home at the aforementioned address.

19.     At all times mentioned herein, Defendant police officers acting in concert, recklessly ransacked Plaintiff's home for hours which resulted in plaintiff's home being damaged, her personal property being damaged and destroyed and personal property being stolen.

20.     At all times mentioned herein, Defendants acting in concert with each other and other Police Officers presently unknown, unlawfully entered the plaintiff's home and unlawfully searched the Plaintiff's home without proper warrant or probable cause to search.

5

21.     At all times mentioned herein, Defendants acting in concert with each other and other Police Officers presently unknown unlawfully seized property inside Plaintiff's home without proper warrant or probable cause.

22.     At all times mentioned herein, Defendants acting in concert with each other and other Police Officers presently unknown unlawfully placed plaintiff in handcuffs and arrested the Plaintiff.

23.     The arrest of plaintiff was made without probable cause, or reasonable suspicion that she committed any crime.

24.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights, and substantial loss of employment and wages, damages to her home and personal property and loss of valuable personal property.

25.     After Plaintiff's arrest, and as a result of Plaintiff's false arrest, Plaintiff was placed on modified duty by the NYPD for many months and Plaintiff lost substantial income in overtime as a result.

26.     Plaintiff was falsely arrested, unlawfully detained, placed in handcuffs, battered by defendants and placed in a holding cell for many hours.  Plaintiff was ultimately released from custody after being served with a Desk Appearance Ticket for Unlawful Possession of Ammunition and Unlawful Possession of Marijuana under Summons Number 4420059994 and 44200559980 respectively.  The cases were eventually given a Docket Number 2016SQ026788.

27.     On June 24th the Queens County District Attorney dismissed the charges against Plaintiff with prejudice and declined to prosecute the Plaintiff.

6

28.     At all times mentioned herein, Defendants were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

29.     A notice of claim was served on the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

30.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City and State of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e. The City of New York acknowledge receipt of the notice of claim and scheduled a 50-h hearing which was completed on December 16, 2016.

31.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

32.     Plaintiff has complied with all conditions precedent to maintaining the instant action. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

33.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.      Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of

7

their home and person;

      b.      Violation of her right to Due Process of Law under the Fourteenth Amendments to the United States Constitution;

      c.      Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

      d.      Violation of their New York State Constitutional rights under Article 1 Section 6 to due process;

      e.      Physical Pain and Suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety,

      g.      Loss of liberty.

      h.      Loss of personal property;

      i.      Damages to her personal property and home.

      j.      Economic damages, loss of wages, loss of overtime, demotion at work as a result of the arrest.

## FIRST CAUSE OF ACTION
### (42 USC Section 1983)

34.      The preceding paragraphs are here incorporated by reference.

35.      Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC Section 1983.

36.      Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments

8

to United States Constitution. Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

37.     Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

38.     Plaintiff has been damaged as a result of defendants' wrong acts.

## SECOND CAUSE OF ACTION
(Municipal and Supervisory Liability)

39.     The above paragraphs are herein incorporated by reference.

40.     The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents and servants, in that after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests and unlawful search and seizures by its police officers but has nevertheless exhibited deliberate indifference to such excessive force and false arrests and unlawful search and seizures; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

41.     The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use

excessive force, unlawful search and seizure of citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

42.     The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

43.     Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

44.     The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants in that after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.  The City has been alerted to regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff constitutional rights in this case.

### THIRD CAUSE OF ACTION
### (CONSPIRACY)

45.     The above paragraphs are have incorporated by reference.

46.     Defendants agreed to violate the plaintiff's rights in the manner described

above.  Further defendants made an agreement to unlawfully enter and arrest the plaintiff

for crimes she did not commit and attempting to bring charges against her.

47.    Plaintiff was injured as a result of the Defendants' conspiracy.

## FOURTH CAUSE OF ACTION
## (CONSTITUTIONAL TORT)

48.    The above paragraphs are incorporated by reference.

49.    Defendants acting under color of law, violated plaintiff's rights pursuant

to section 6 and 12 of the New York Constitution.

50.    A damages remedy here is necessary to effectuate the purposes of Section

5, 6, and 12 of the New York State Constitution, and appropriate to ensure full realization

of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
## (NEGLIGENT HIRING and RETENTION)

51.    The above paragraphs are herein incorporated by reference.

52.    Defendant City, through the NYPD, owed a duty of care to Plaintiff

because under the same or similar circumstances a reasonable, prudent and careful person

should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as

a result of this conduct.

53.    Upon information and belief, defendant officers were incompetent and

unfit for their positions.

54.    Upon information and belief, defendant City knew or should have known

through exercise of reasonable diligence that the officer defendants were potentially

dangerous and had previously arrested civilians without probable cause.

55.     Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

56.     Because of defendant City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

### SIXTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

57.     The above paragraphs are incorporated by reference.

58.     Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

59.     As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally as follows:

i.      Compensatory Damages in an amount to be determined by a jury that is just, reasonable and fair.

ii.     Punitive damages determined by a jury against the individual defendants, in an amount that is just, reasonable and fair. punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

12

iii.     Attorneys fees and the costs of this action;

iv.     Such other relief as is fair, just or equitable.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Queens, New York
        April 30, 2019

Yours etc.

By Edward J. Muccini
Law Office of Edward J. Muccini PC
Attorneys for Plaintiff
242-03 Northern Blvd
Douglaston, New York 11363
(718) 225-0205

To:     New York City
        Corporation Counsel Office
        100 Church Street 4th Floor
        New York, NY 10007

        Sgt John Prager
        Tax ID 945285
        One Police Plaza
        Room 1109
        One Police Plaza Path
        New York, NY 10007